**E-FILED**
Monday, 04 January, 2010  02:24:07 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| BRIAN ROUTE 50 AUTO SALES, INC., an Illinois corporation, d/b/a KANKAKEE AUTO MART, <br><br> Plaintiff, <br> v. <br><br> CITY OF KANKAKEE, BEAUPRE'S INC., and WILLIAM BALTHUN, d/b/a BALTHUN AUTOMOTIVE, <br><br> Defendants. | Case No. 09-2265 |

# REPORT AND RECOMMENDATION

In September 2009, Plaintiff Route 50 Auto Sales, Inc., d/b/a Kankakee Auto Mart, filed a complaint in the Circuit Court for the Twenty-First Judicial Circuit of Illinois, Kankakee County, Illinois, against Defendants City of Kankakee, Beaupre's Inc., and William Balthun, d/b/a Balthun Automotive, alleging violations of federal and state law. In October 2009, Defendant removed the case to federal court. (#1, Notice of Removal of Cause to the United States District Court for the Central District of Illinois.) Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged violations of the United States Constitution pursuant to 42 U.S.C. § 1983.

In November 2009, Defendant City of Kankakee filed a Motion To Dismiss Count I of the Plaintiff's Complaint at Law Pursuant to FRCP 12(b)(6) (#6). Plaintiff subsequently filed a Response to Motion To Dismiss Count I of the Plaintiff's Complaint at Law Pursuant to FRCP 12(b)(6) (#8) and supporting memorandum. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss Count I of the Plaintiff's Complaint at Law Pursuant to FRCP 12(b)(6) **(#6)** be **GRANTED**.

# I. Background

The following background is taken from the complaint (#1, pp. 4-11). At relevant times, Plaintiff was engaged in the business of selling vehicles to customers and financing them. It customarily finances vehicles by retaining a security interest, noting itself as a lienholder on the titles of the financed vehicles, and retaining possession of said titles until the secured note is paid in full.

At relevant times, Defendant City of Kankakee maintained and enforced an ordinance, Section 22-85 of the Kankakee Municipal Code (hereinafter "Code"), regarding the administrative seizure of vehicles driven by persons in contravention of certain state statutes and municipal ordinances, specifically driving on a suspended or revoked license, driving under the influence of alcohol or drugs, or driving while being the subject of a warrant issued by a state court for failing to appear for charges of driving on a suspended or revoked license or driving under the influence of alcohol or drugs. Section 22-85 of the Code requires the payment of a $500 cash bond in order to recover a vehicle for which probable cause has been determined to exist that the vehicle is subject to seizure. The Code provides that if the cash bond is not posted and the vehicle recovered, a hearing shall be scheduled and held. Following the hearing, if the vehicle is determined to have been used in violation of the Code, a hearing officer may find the owner of the vehicle civilly liable for an administrative penalty not to exceed $500. If the administrative penalty is not paid within 30 days following the period for seeking administrative review, the vehicle may be deemed unclaimed and disposed of in the manner described in Section 4-208 of the Illinois Vehicle Code (625 ILCS 5/4-208).

Section 4-208 of the Illinois Vehicle Code provides that, for cities with less than 500,000 inhabitants, a law enforcement agency or towing service possessing an abandoned, lost, stolen, or unclaimed vehicle may conduct a public auction of the vehicle to a licensed automobile parts recycler, rebuilder, or scrap processor or to the towing service where the vehicle is impounded. The statute also requires that the registered owner, lienholder, and other legally entitled persons be provided ten days' notice of the sale via certified mail.

Between 1996 and 2005, Defendant City sold 24 vehicles at public auction, either following the vehicle owner's failure to claim the vehicle or pay the administrative penalty pursuant to the Code, or, at the direction of the City, following the towing and/or impoundment of the vehicle as abandoned, stolen, or unclaimed. Defendant Beaupre's impounded 18 of the vehicles and Defendant Balthun impounded six vehicles. Plaintiff was first lienholder for all of the vehicles at issue and the title for each vehicle noted Plaintiff's lienholder status.

When the owners failed to pay the cash bond, appear at the hearing, timely seek administrative review after the hearing, or claim the vehicle following notice, the City conducted a public auction and sold the vehicles to Defendants Beaupre's and Balthun. Plaintiff alleges that, upon information and belief, no other persons bid at the auctions other than Defendants Beaupre's and Balthun, and Defendants bid on vehicles in their possession that they had towed and stored at their respective businesses.

The Code did not provide for notice to a lienholder of the vehicle's seizure or of a hearing with regard to the seizure. However, the Code adopts the procedures of Section 4-208 of the Illinois Vehicle Code with regard to disposing of a seized vehicle that was unclaimed by its owner. Section 4-208 requires that a lienholder be given notice at least ten days in advance of a public auction.

The City failed to provide Plaintiff with notice, pursuant to 625 ILCS 5/4-208, of the sale of any of the vehicles that are the subject of the complaint. Plaintiff alleges that the City's failure to notify Plaintiff of the sales of vehicles in which Plaintiff had a property interest deprived Plaintiff of that property interest. In addition, Plaintiff alleges that the City's repeated failure to notify Plaintiff constitutes a continuing series of actions whereby the City wrongfully deprived Plaintiff of his property interest in the vehicles. Plaintiff became aware of the City's actions on about November 16, 2004, when an employee of the Illinois Secretary of State's office alerted Robert Scroggins, the president of Route 50 Auto Sales, that the City was going to auction off a vehicle that was subject to Plaintiff's lien. Upon receiving this information,

Scroggins went to the City offices, paid the $500 administrative penalty, and recovered the vehicle from Defendant Beaupre's, which had towed and stored the vehicle.

After that incident, Scroggins investigated further by going through Plaintiff's records. This process was completed around December 27, 2007, when Plaintiff had sufficient information to initiate Freedom of Information Act requests to the City and to other municipalities that had caused the vehicles to be seized. Due to Plaintiff's inability to discover the City's actions until December 27, 2007, Plaintiff alleges that the statute of limitations in this case is equitably tolled and did not begin to run against Plaintiff until December 27, 2007.

Plaintiff's complaint alleges three counts, as follows: Count I, against Defendant City of Kankakee, alleges that the City violated Plaintiff's constitutional right to due process when it failed to provide a hearing or notice to Plaintiff regarding the seizure or sale of relevant vehicles. Count II, against Defendant Beaupre's, Inc., alleges a claim of trover.[1] Count III, against Defendant Balthun Automotive, alleges a claim of trover.

## II. Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The United States Supreme Court has interpreted this language to impose two "easy-to-clear hurdles": First, the plaintiff must plead sufficient facts to give a defendant fair notice of the claim and the grounds upon which it rests, and second, those facts, if true, must plausibly suggest

---

[1]According to Black's Law Dictionary, the action of trover is "in substance, a remedy to recover the value of personal chattels *wrongfully* converted by another to his own use" or a "[c]ommon-law form of action to recover value of goods or chattels by reason of an alleged unlawful interference with possessory right of another, by assertion or exercise of possession or dominion over the chattels, which is adverse and hostile to rightful possessor." BLACK'S LAW DICTIONARY 1508 (6th ed. 1990) (emphasis in original).
.

that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level'." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Furthermore, the Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl.*, 550 U.S. at 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). A claim is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory'." *Bell Atl.,* 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)).

### III. Analysis

Defendant argues that the Court should dismiss the claim in Count I because (1) the statute of limitations bars the claim; and alternatively, (2) Count I fails to state a claim because Plaintiff has not alleged that the deprivation of property rights was attributable to the decision of a municipal policymaker or the City's enforcement of a municipal policy or practice.

Claims brought pursuant to Section 1983 are governed by the Illinois two-year statute of limitations. *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004); 735 ILCS 5/13-202. Plaintiff does not challenge this. Nevertheless, Plaintiff contends that the statute of limitations does not bar the claim in Count I because Plaintiff has expressly alleged in the complaint that equitable tolling and the continuing tort doctrine render the claim timely.

Although courts are required to treat all well-pleaded *factual* allegations in the complaint as true, courts need not accept statements that allege legal conclusions. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1092 (7th Cir. 2008) (stating that a court is not required to accept as true a legal

5

conclusion presented as a factual allegation). Here, Plaintiff's allegations regarding equitable tolling and the applicability of the continuing tort doctrine constitute legal conclusions, therefore the Court need not accept them. Accordingly, the Court will consider Plaintiff's arguments in light of the allegations in the complaint and applicable authority.

In a due process claim, the unconstitutional act is the deprivation, without procedural due process, of a property interest. *Sherwin Manor Nursing Ctr., Inc. v. McAuliffe*, 37 F.3d 1216, 1220 (7th Cir. 1994). Based on Plaintiff's complaint, the alleged deprivation occurred when the City wrongfully deprived Plaintiff of its property interest in the vehicles by auctioning them off without properly notifying Plaintiff. (#1, p. 7, ¶ 5.)

Section 1983 claims accrue when a plaintiff knows or should know that his or her constitutional rights have been violated. *Kelly v. City of Chi.*, 4 F.3d 509, 511 (7th Cir. 1993). Accrual is the date on which the statute of limitations begins to run. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990). "It is not the date on which the wrong that injures the plaintiff occurs, but the date--often the same, but sometimes later--on which the plaintiff discovers that he has been injured." *Id.* The rule that postpones the beginning of the limitations period from the date when the plaintiff is wronged to the date when he discovers he has been injured is the "discovery rule" of federal common law, which is read into statutes of limitations in federal-question cases. *Id.*

### A. Continuing Violation Doctrine

Plaintiff first contends that the continuing tort doctrine delays the accrual of Plaintiff's claim until after the last vehicle seizure by Defendant.

The foundation of the continuing violation doctrine is the premise that equity requires the statute of limitations not begin to run until a person is or should be aware that his or her rights have been violated. *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 446 (7th Cir. 1994). Thus, the doctrine protects the rights of a plaintiff in a situation where he could not be expected to file a lawsuit when a violation first occurred because the violation was unclear at the time and only

became clear after it was repeated during the statute of limitations period. *Dasgupta v. Univ. of Wis. Bd. of Regents*, 121 F.3d 1138, 1139 (7th Cir. 1997). Furthermore, to establish a continuing violation, the defendant's acts must be "related closely enough to constitute a continuing violation" and not "merely discrete, isolated, and completed acts which must be regarded as individual violations." *Donnelly,* 42 F.3d at 446. Consistent with this reasoning, the Seventh Circuit court recently stated that the "continuing violation" doctrine is misnamed because it is really "not about a continuing, but about a cumulative, violation." *Limestone Dev. Corp. v. Vill. of Lemont, Ill*., 520 F.3d 797, 801 (7th Cir. 2008) (stating that the doctrine allows a "suit to be delayed until a series of wrongful acts blossoms into an injury on which suit can be brought"). Finally, at least one wrongful act must have occurred within the limitations period in order for the claim to be considered timely. "The continuing violation doctrine allows a plaintiff to get relief for a time-barred act by linking it with an act that is within the limitations period. For purposes of the limitations period, courts treat such a combination as one continuous act that ends within the limitations period." *Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1992).

Here, Plaintiff filed its complaint on September 25, 2009. The two-year statute of limitations period reaches back two years from that date to September 25, 2007. Plaintiff alleges in its complaint that all the auctions occurred prior to September 2007, outside the statute of limitations period. Thus, no auction occurred within the statute of limitations period to which Plaintiff could link the time-barred auctions. Accordingly, the Court concludes that the continuing violation doctrine does not apply to Plaintiff's constitutional claim in Count I.

## B. Equitable Tolling

Plaintiff also contends that the statute of limitations has been equitably tolled due to Plaintiff's inability to discover Defendant City's conduct until December 2007. Plaintiff expressly alleged that the doctrine of equitable tolling applies to the statute of limitations in this case because Plaintiff was unable "to reasonably discover the City's actions with respect to its

7

liened vehicles, and its causes of action arising therefrom, until December 27, 2007." (#1, p. 7, ¶ 8.) Specifically, the complaint alleged that Plaintiff completed its investigation on December 27, 2007, at which point it had sufficient information to initiate Freedom of Information Act requests to the City and to other municipalities that had seized Plaintiff's vehicles. (#1, p. 7, ¶ 7.)

Defendant challenges Plaintiff's reliance on equitable tolling and also contends that even if Plaintiff's lack of sufficient information on November 16, 2004, somehow tolled the limitations period, a reasonable person in Plaintiff's position "surely would have uncovered enough information to allow it to file a cause of action within the next 34 months, or before September 25, 2007." (#7, p. 4.)

Ordinarily, plaintiffs must bear the consequences of their procedural lapses, even if the result is the denial of relief that may be otherwise well-deserved. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 554 (7th Cir. 1996). Accordingly, courts will not hear claims that are filed after the statute of limitations expires because those claims are time-barred. *Pitts v. City of Kankakee,* 267 F.3d 592, 597 (7th Cir. 2001).

The rule that postpones the beginning of the limitations period from the date when the plaintiff is wronged to the date when he discovers he has been injured is the "discovery rule" of federal common law, which is read into statutes of limitations in federal-question cases (even when those statutes of limitations are borrowed from state law) in the absence of a contrary directive from Congress. *Cada*, 920 F.2d at 450. In contrast, the doctrine of equitable tolling "assumes that the plaintiff *knows* he has been injured; the limitations period is tolled, however, if he cannot obtain information necessary to file suit." *Id*. at 451. The doctrine of equitable tolling allows a plaintiff to avoid the effect of the statute of limitations "if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Id.* If a reasonable plaintiff in Defendant's position would not have known until December 2007 that the City had

violated its right to due process, he could rely on the doctrine of equitable tolling to suspend the running of the statute of limitations for such time as was reasonably necessary to conduct the necessary inquiry. *Id*.

In this case, on November 16, 2004, Plaintiff first learned that Defendant City was selling vehicles for which Plaintiff was lienholder without giving Plaintiff notice and a hearing. Plaintiff alleges that Mr. Scroggins began investigating after he first became aware of the City's conduct in November 2004. The investigation included reviewing Plaintiff's own records and obtaining title histories regarding vehicles that the company had previously tried unsuccessfully to repossess. Based on these facts, Plaintiff knew on or around November 16, 2004, that the City was violating its constitutional rights and Plaintiff had enough information at that time to assert a constitutional claim. Thus, Plaintiff's claim accrued on November 16, 2004, or shortly thereafter. Nevertheless, Plaintiff alleges that it took almost three years to complete the investigation. The Court concludes, based on Plaintiff's allegations and the fact that each auction constituted a discrete event and an independent violation of Plaintiff's due process rights, that this is not a situation in which extraordinary circumstances justify applying the doctrine of equitable tolling to suspend the running of the statute of limitations. Accordingly, the Court concludes that the two-year statute of limitations bars Plaintiff's claim in Count I and recommends granting Defendant's motion to dismiss Count I.

### IV. Summary

For the reasons stated above, this Court recommends that Defendant's Motion To Dismiss Count I of the Plaintiff's Complaint at Law Pursuant to FRCP 12(b)(6) **(#6)** be **GRANTED**. The remaining claims against Defendants Beaupre's and Balthun raise state law issues. In the absence of the constitutional claim, the Court recommends declining to exercise supplemental jurisdiction over those claims and remanding the case to state court.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 working days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 4th day of January, 2010.

                                                    s/ DAVID G. BERNTHAL
                                                   U.S. MAGISTRATE JUDGE